# Flowers *v.* The State.

### *Murder.*

(Decided June 30, 1911.   56 So. 98.)

1. *Homicide; Indictment.*—The use of the words, "malice of forethought" instead of the words, "malice aforethought" does not impair the validity of the indictment as charging murder in the first degree, since the words used convey the plain meaning of those in the statute. (Section 7136, Code 1907.)

2. *Same; Instructions; Homicide in Making Arrest.*—The rights of a private citizen are not the same as those of an officer, the rights of the citizen being defined by section 6273, and that of the officer by section 6269, Code 1907. Hence, an instruction that the rights were the same was properly refused where a defendant sought to justify a homicide on the grounds that it was committed while he was making an arrest for a felony.

3. *Same.*—A charge asserting that life might be taken, if necessary to arrest a felon after he had committed a felony, was properly refused for a failure to hypothesize the fact constituting the necessity, the good faith of the defendant being in dispute.

4. *Same.*—A charge asserting that if the defendant, a private citizen, had probable cause for believing and did believe that a felony had been committed, he had the right to make an arrest, was properly refused since the statute authorizing an arrest by a private citizen only gives such person that authority where the felony has been actually committed. (Section 6273, Code 1907.)

5. *Same.*—A charge asserting that if defendant's wife told him on the morning of the killing that the decedent had committed a felony on that morning, and that defendant had reason to believe it, then defendant had a right to follow decedent, arrest him without a warrant, and take him before a magistrate, and if decedent re-

5 CA

sisted him, after being informed of the trespass, and assaulted defendant, he had a right to kill, if necessary to protect his person, was properly refused, as the mere fact of resistance and assault would not alone give the defendant the right to kill.

6. *Jury; Special Venire; Service of Copy; Waiver.*—Where the defendant in writing waives the right to a special venire under the provisions of section. 7264, Code 1907, he thereby dispensed with all the requirements as to service of copy on the defendant and of having the case set for trial under section 7262, Code 1907.

7. *Appeal and Error; Review; Scope of Record.*—Where the record contains the statement that the portions of the oral charge excepted to are but parts of the general charge on the different propositions of law therein mentioned, the court having instructed the jury more fully on such proposition, exceptions to such parts of the oral charge will not be reviewed, as it will be presumed that the additional instructions corrected any inaccuracy contained in the excerpts.

8. *Charge of Court; Flight.*—A charge asserting that it is not every flight of the defendant who has committed a homicide that is evidence of his guilt, but flight is only evidence of his guilt when such flight is the result of consciousness of guilt, and if the flight was occasioned by fear produced by the killing of decedent, without regard to whether the killing was justifiable, it cannot be said that flight under these circumstances is evidence of guilt, was properly refused.

9. *Same; Applicability to Evidence.*—A charge asserting that the flight of a defendant may or may not be a circumstance tending to prove guilt, depending upon the motive which prompted it, whether a consciousness of guilt and a pending apprehension of being brought to justice caused the flight, or whether it was caused from some other motive, then the jury may look. to the fact that he voluntarily caused the arrest to be effected, and voluntarily returned for trial, was properly refused where the motive of the defendant and whether or not he caused his own arrest, were in dispute.

10. *Same; Presumption of Innocence.*—A charge asserting that the presumption of innocence attends defendant throughout the trial of this case, and must be considered by the jury in his own behalf as a matter of evidence, was properly refused, since such presumption continues only until the evidence leads to a conclusion of guilt beyond a reasonable doubt.

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Alex Flowers was convicted of murder in the second degree, and he appeals. Affirmed.

The following charges were refused to the defendant: "The rights and powers of a private citizen in making an arrest for an offense, and the times and occasions

provided for by the statute, are the same as those of an officer; and consequently, in making arrests in the cases and on the times and occasions so provided by statute, he is entitled to the same justification and defense as an officer." (6) "It is the settled law of this state that life may be taken, if necessary, to arrest a felon after he has committed a felony." (7) Affirmative charge as to murder in the first degree. (8) Affirmative charge as to manslaughter in the first degree. (9) Affirmative charge as to murder in the second degree. (10) "It is not every flight of a defendant who has committed a homicide that is evidence of his guilt; but flight is only evidence of guilt of the defendant when such flight is the result of a consciousness of guilt. And if the jury believe that the flight of the defendant was occasioned by his fear produced by the killing of Mark Flowers, without regard to whether or not that killing was justifiable, it cannot be said that the flight of the defendant under those circumstances is evidence of his guilt of an unlawful act." (12) "The defendant in this case comes before the jury attended by a legal presumption that he is innocent, which presumption attends him throughout the trial of his case, and must be considered by the jury in his behalf, as a matter of evidence." (13) "The flight of the accused may or may not be a circumstance tending to prove guilt, depending upon the motive which prompted it, whether a consciousness of guilt and a pending apprehension of being brought to justice caused the flight, or whether it was caused from some other motive; then the jury may look to the fact that he voluntarily caused his arrest to be effected and voluntarily returned for trial." (14) "If the jury believe from the evidence that there was probable cause for believing and defendant did believe that a felony had been committed in Pike county, and that the deceased was guilty there-

of, then the defendant had the right to arrest the deceased without warrant and take him before a justice of the peace." (15) "If the jury believe from the evidence that Alex Flowers' wife told him on the morning of the killing that Mark Flowers had committed a felony on her that morning, and Alex Flowers had reason to believe it, then Alex Flowers had a right to follow Mark Flowers, arrest him without a warrant, and take him before a justice of the peace, and if Mark Flowers resisted him, after being informed of the trespass, and assaulted Alex Flowers with a knife, then Alex had a right to kill, if it was necessary to protect his person from great bodily harm."

FOSTER, SAMFORD & CARROLL, and BALL & SAMFORD, for appellant. The indictment was defective and should have been quashed. The court erred in a portion of its oral charge and also in refusing to give charges 5, 14 and 15.—147 Ala. 79; 156 Ala. 29; 140 Ala. 170; 104 Ala. 160; 100 Ala. 88; Id. 101; 82 Ala. 16; Sections 6269 and 6273, Code 1907. Life may be taken if necessary to arrest a felon after he has committed a felony.— *Williams v. The State,* 44 Ala. 41; *Clements v. The State,* 50 Ala. 117. The court erred in refusing to give charge 13.—*Sylvester v. The State,* 71 Ala. 17. The court erred in refusing to give charge 10.—*White v. The State,* 111 Ala. 92. The court erred in refusing charge 12.— *Bryant v. The State,* 116 Ala. 445. The waiver of the special venire does not waive service of copy. This is mandatory.—*Bailey v. The State, in* MSS.; *Jackson v. The State,* in MSS.

R. C. BRICKELL, Attorney General, for the State.

PELHAM, J.—The original indictment upon which the defendant was arraigned, tried, and convicted in

the court below is sent up with the record, and an inspection of it satisfies us of its sufficiency as an indictment under the code form charging murder in the first degree. The use of the words, as we read them in the indictment before us, "malice of forethought" in place of the words "malice aforethought," as provided by the form set out in the Code, does not render it void or impair its validity as an indictment charging murder in the first degree. It sufficiently charges malice as constituting an ingredient of the offense of murder. The use of the words "of forethought" in place of "aforethought" has no tendency to mislead or leave in obscurity the meaning sought to be conveyed, nor does it change the meaning and import of the words even to a person of ordinary understanding and intelligence.— *Griffith v. State*, 90 Ala. 583, 8 South. 812. Of forethought and aforethough are practically the same thing, and have the same meaning, and it is not a requisite, in drawing indictments, that the exact words of the statute or prescribed form must be used, but words conveying the same meaning are sufficient.—Code 1907, § 7136.

There was no error committed by the trial court in allowing the state's witness Davis, a deputy sheriff, to testify that the defendant's father directed him to the house of the defendant, and that at that time he was looking for the defendant.

Several exceptions were reserved to parts of the oral charge of the court set out in the record, and the record then contains the following statement: "The above excerpts or parts of the general charge which were excepted to are but parts of the general charge upon the different propositions of law therein mentioned; the court having more fully instructed the jury upon said propositions." The oral charge must be construed as a whole, and the court cannot be put in error for state-

ments contained in excerpts from the oral charge, when the charge as a whole correctly states the law as applicable to the evidence in the case.—*Dave Jackson v. State, infra,* 56 South. 96, and authorities there cited. As it appears from the record that the court more fully instructed the jury on the propositions excepted to, it will be presumed that the additional instructions given corrected any inaccuracies that may be contained in the excerpts to which exceptions are reserved.

Charge No. 5 requested in writing by the defendant is incorrect, in that it is argumentative; and the rights and powers of a private citizen in making an arrest, as provided by section 6273 of the Code of 1907, are not the same as those pertaining to an officer making an arrest, as provided by section 6269 of the Code.

Charge 6 requested by the defendant fails to hypothecize the facts constituting the necessity. The good faith of the defendant in this case in making the arrest is in serious conflict, and this charge would have been highly improper as having a direct tendency to mislead. Only proper means must be resorted to in making arrests, and the killing, if it results must be unavoidable to be justifiable. Even a felon must not be killed, unless he cannot be captured without taking his life.

Charges 7, 8, and 9, being general charges requesting an acquittal of the defendant separately of the different degrees of homicide included in the indictment, were, as will be seen from what we have said with reference to the sufficiency of the indictment as charging murder in the first degree, properly refused.

Charge 10 was equivalent to the court's charging the jury that, even though the defendant's flight was occasioned by fear produced through a knowledge of the *unjustifiable* killing of Mark Flowers, it would still be

[Flowers v. The State.]

no evidence or circumstance of guilt of an unlawful act. The charge was misleading, and was properly refused.

Charge 12 requires the court to instruct the jury to regard the presumption of innocence throughout the trial, even though the defendant's guilt may have been proven beyond a reasonable doubt. The presumption of innocence only obtains until the evidence, beyond a reasonable doubt, leads to a conclusion of guilt, and the charge asked was to the effect that it extended beyond such a conclusion.—*Newsome v. State,* 107 Ala. 133, 18 South. 206; *Bryant v. State,* 116 Ala. 445, 23 South. 40.

Charge 13, while substantially in many respects like the charge approved in *White v. State,* 111 Ala. 92, 21 South. 330, was properly refused under the facts in this case, for the bona fides of the defendant attempting to make an arrest at all is seriously in conflict, as is the question of the defendant's having voluntarily caused his own arrest. In the case before us, the circumstances and motive of flight were all questions for the jury. In the *White Case, supra,* the defendant went directly to police headquarters after the commission of the offense and gave himself up to the authorities, reporting to them what he had done, and it was said in that case: "There is in the evidence *no other fact or circumstance* touching the subject of flight. It is evident, therefore, that what the defendant did, in respect of flight, carried with it no other evidence of a consciousness of guilt. It was no more than a commission of the homicide, flight from the place, and an immediate, voluntary surrender by the perpetrator to the constituted authorities, confessing that he had committed it. Referred to this state of proof, the charge was correct, had no misleading tendency because of the singling out of a fact from other facts, and ought to have been given. It was not objec-

[Flowers v. The State.]

tionable for referring specially to the duty of the jury to look to surrender, for that, with the accompanying declarations of the defendant which constituted a part of the surrender, was the only circumstance which the jury could consider." In this case, the motive that caused the flight, whether or not under circumstances of guilt, and whether the arrest was entirely of defendant's voluntary procurement, when it was shown that he was arrested in his bed by an officer of the law, were questions for the jury, to be taken in connection with the other facts and circumstances, and to have singled out this single state of facts from all the other facts and circumstances before the jury in this case would undoubtedly have had a misleading tendency. The effect of the testimony showing flight, as a criminating fact may have been weakened by the prisoner's apparent voluntary return more than a year after the commission of the offense, but under all of the evidence this question, as well as that of voluntary surrender, was for the jury.

Charge 14 was properly refused, in that it charged the jury that, if the defendant, a private citizen, had probable cause for believing, and did believe, that a felony had been committed, he had the right to make an arrest, when the statute authorizing an arrest by a private citizen only gives the authority where the felony has actually been committed.—Code 1907, § 6273.

Charge 15 is bad for the same reasons given as to charge 14, and for the reason that the mere fact of resistance and assault of the deceased would not necessarily and alone give to the defendant the right to kill deceased to protect his person from bodily harm.

Counsel for defendant, in an addendum to his brief, contends that the record fails to show a compliance with section 7262 of the Code, requiring the case to be set

by the court for trial, and that a waiver of a special
venire does not waive a service of the copy upon the de-
fendant, as provided by section 32 of the jury law adopt-
ed August 31, 1909.—Acts 1909, p. 305. The defend-
ant, having waived in writing the right to have a spe-
cial venire, as provided by section 7264 of the Code of
1907, dispensed with all the requirements respecting a
special venire, and having waived the special venire the
rules applicable to service and setting the case, so that
service might be perfected, have no scope or room for
operation, and the mandatory statutes with respect to
setting the case and service of a special venire are inap-
plicable, and have no force and effect.

No reversible error is shown in the record, and the
judgment of the lower court will therefore be affirmed.

Affirmed.