# Malchow *v.* The State.

## *Assault and Battery.*

(Decided June 13, 1912.  59 South. 342.)

1. *Assault and Battery; Evidence.*—It was admissible to show that the person assaulted had the right to the possession of the premises where the assault occurred, under a rental contract, as tending to show that he was not a trespasser and not at fault in provoking the difficulty, and also for the purpose of showing the attendant circumstances and situation of the parties.

2. *Witnesses; Examination; Cross.*—It was proper to ask defendant on cross examination if he knew when he went to the premises that his grandparents, who had formerly lived there, had gone to Chicago, as tending to show that he did not suppose that the place was under their control, and thus throw light on his purpose or motive.

3. *Evidence; Documents; Execution; Statutory Provision.*—Under Sections 4005 and 4006, Code 1907, it was proper to allow the maker of a rental contract, to which there were no attesting witnesses, to testify that he signed it, and that he saw the other party sign it, to prove the signatures of the parties thereto.

4. *Charge of Court; Assumption of Fact.*—A charge which assumes as a fact matters which were not in evidence is properly refused.

5. *Appeal and Error; Harmless Error; Instruction.*—While a charge asserting that a reasonable doubt is no more than a reasonable doubt is meaningless, the giving of it was not prejudicial error.

APPEAL from Cullman County Court.

Heard before Hon. R. I. BURKE.

Ernest Malchow was convicted of assault and battery, and appeals. Affirmed.

The following was the charge refused to the defendant: "The court charges the jury that, if old man Malchow rented the place known as the old Malchow place to the defendant for the year 1910, he could not abrogate that contract by a subsequent disposition of the property to a third party." The following is the charge given for the state: "I charge you, gentlemen of the jury, in whatever form the question of reasonable doubt may be couched, and however it may be twisted by words, a reasonable doubt is no more than a reasonable doubt."

J. B. BROWN, for appellant. Counsel discuss the constitutionality of the act creating and giving jurisdiction to the Cullman County Court, but in view of the opinion, it is not necessary to here set it out. The court erred in permitting it to be shown that the person assaulted had the place rented for the year 1910.—104 Ala. 71; 1 Greenleaf 52. The matter was res inter alios acta as to the defendant.—*Langford v. The State,* 130

Ala. 76; 3 Mayf. 457. Fred .Shafer was incompetent to prove the execution of the rental contract.—*Coleman v. The State*, 79 Ala. 49. Counsel discuss the charges refused, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Counsel discuss the constitutionality of the act as raised by the plea in abatement, and insist that the plea was properly stricken, but in view of the opinion it is not deemed necessary to set it out. . The assault took place on the premises claimed by the person assaulted, and the fact that he claimed the possession .of the premises was material on the question of whether or not he was the aggressor, and as tending to show the situation of the parties. The witness .was a party to the rental contract, and hence was capable of proving the signature thereto.—Sections 4005, 4005, 4006, Code 1907.

.WALKER, P. J.—In view of the rulings of the Supreme Court in the cases of *State ex rel. Vandiver v. Burke*, 175 Ala., 57 South. 870, and *Cooke, County Treasurer, v. Burke*, 58 South. 984, it is plain that the contentions of the appellant in reference to the legal existence and jurisdiction of the county court of Cullman cannot be sustained.

The state offered evidence tending to prove that the defendant assaulted one Fred Schafer on the occasion of the latter's going to the residence on a place adjoining his own. It was not improper to permit the prosecution to offer evidence tending to prove that the assaulted person at that time had the right to the possession of that place under a rental contract with its owner. The evidence had some tendency to show that he was not in fault in provoking the assault and to enable the jury to

consider the evidence as to the conduct of the defendant in the light of the attending circumstances and of the siuation of the parties to the difficulty.—*Maddox v. State,* 159 Ala. 53, 48 South. 689. The evidence was admitted, as stated by the court, only for the purpose of showing that the person charged to have been assaulted was not a trespasser.

On similar considerations, it was not improper to permit the defendant to be asked, on his cross-examination, if he knew, when he went to that place that morning, that his grandfather and grandmother, who had formerly lived there, had gone to Chicago. His answer to this question might have some tendency to show that he did not suppose or understand that the place was any longer in the possession or under the control of his grandparents, and might shed some light on the purpose or motive actuating him in his conduct towards the person charged to have been assaulted.—*Bonner v. State,* 107 Ala. 97, 18 South. 226.

The signatures of the parties to the rental contract under which the party assaulted claimed to have possession of the premises, upon which the alleged assault was claimed to have occurred, could be proved by the testimony of one of the parties to it to the effect that he signed it and saw the other party sign it; there being no attesting witnesses to the signatures.—Jones on Evidence, § 545; Code, §§ 4005, 4006.

The court was warranted in refusing the written charge requested by the defendant because it assumed as a fact, or that there was evidence tending to show that it was a fact, that "old man Malchow's" disposition of the place referred to was subsequent to his renting of it to the defendant for the year 1910. There was an absence of evidence on this point.

[Beason v. The State.]

The written charge on the subject of reasonable doubt which was given at the instance of the state was not very illuminating, and it is difficult to suppose that the jury could have found it helpful in their deliberations; but we cannot affirm that the giving of it involved error or injury, as in effect it asserted the harmless, though practically meaningless, proposition that a reasonable doubt is no more than a reasonable doubt. We are not to be understood as indicating that the court would have been in error in refusing to give such a charge.

Under the evidence it was a conceded fact that the defendant struck Fred Schafer, the person alleged to have been assaulted, with a bed slat. This being true, the court was not in error in giving the other written charge requested by the state.—*Harris v. State,* 123 Ala. 69, 26 South. 515; *Howell v. State,* 79 Ala. 284; *Johnson v. State,* 136 Ala. 76, 34 South. 209.

Affirmed.