# Brown v. The State.

## Carnal Knowledge.

(Decided March 23, 1917.  74 South. 733.)

1. **Appeal and Error; Review; Transmitting Original Papers.**—The trial court may transmit to the reviewing court an original indictment for inspection by the reviewing court, under Rule 24, Supreme Court Practice.

2. **Indictment and Information; Sufficiency.**—An indictment is not rendered defective because of the misspelling of a word; hence, an indictment charging that one "cornally" knew another contrary to the order of nature is not faulty.

3. **Charge of Court; Reasonable Doubt.**—Where the preceding portion of the charge sets out the fact that a reasonable doubt was not a whimsical, possible or speculative doubt, it was not error to further instruct that a reasonable doubt is one based upon a reasonable foundation.

APPEAL from Morgan Law and Equity Court.
Heard before Hon. THOMAS W. WERT.

[Brown v. The State.]

Herman Brown was convicted of carnally knowing another contrary to the order of nature, and he appeals. Affirmed.

W. T. Lowe, for appellant. William L. Martin, Attorney General, and Harwell G. Davis, Assistant Attorney General, for the State.

BROWN, P. J.—(1) The judge of the trial court, at the instance of appellant, has caused the original indictment, duly authenticated by the clerk, to be transmitted to this court for inspection under Supreme Court rule of practice 24.—Code 1907, p. 1511. This practice has been approved.—*Watkins v. State,* 89 Ala. 82, 8 South. 134; *Griffith v. State,* 90 Ala. 583, 8 South. 812; *Sanders v. State,* 2 Ala. App. 13, 56 South. 69; *Flowers v. State,* 2 Ala. App. 65, 56 South. 98.

(2) The indictment, omitting the caption and the signature of the solicitor, is in these words: "The grand jury of said county charge that before the finding of this indictment Herman Brown, against the order of nature *cornally* knew Felix Taylor, against the peace and dignity of the state of Alabama."

The defendant demurred to the indictment, assigning the grounds: "(1) Charges no offense against this defendant." "(2) It fails to aver that the defendant *carnally* knew Felix Taylor." There is no such word in the English language as "cornally." This combination of letters, when the letter "o" is given the short sound as in "not," is capable of being sounded or pronounced much like the word "carnally;" and, on the authority of the following cases, we hold that the misspelling of this word in the indictment does not render the indictment misleading or subject to demurrer.—*Griffith v. State, supra; Flowers v. State,* 2 Ala. App. 65, 56 South. 98; *Sanders v. State, supra.*

(3) The court charged the jury in the oral charge, among other things: "The law requires the defendant to be proven guilty beyond a reasonable doubt and to a moral certainty before a conviction can be had; but that does not mean the state must prove the defendant guilty beyond all doubt, or prove it to a mathematical certainty. It is not a whimsical doubt or possible doubt or speculative doubt; *but it is a doubt based upon a reasonable foundation.*"

The defendant excepted to that part of the charge italicized, and insists that the court said no more than that "a reasonable

[Ward v. The State.]

doubt is a reasonable doubt." If we concede this contention, it would not be reversible error.—*Malchow v. State,* 5 Ala. App. 99, 59 South. 342. When that portion of the charge excepted to is construed in connection with what precedes it, the utterance excepted to is, in effect, the same as that, "A reasonable doubt is a doubt for which a reason can be given," or "A doubt founded upon a reason," and these definitions have been approved.—1 Mayf. Dig. 764, § 1.

The proceedings of the trial court appear to be free from reversible error, and the judgment will be affirmed.

The clerk of this court is ordered to transmit to the clerk of the trial court the original indictment.

Affirmed.