(103 So. 312)

**CATON v. STATE.** (4 Div. 974.)

(Court of Appeals of Alabama. Feb. 17, 1925. Rehearing Denied March 17, 1925.)

1. **Arson** ⬤⟳2—**Offense of "burning insured property to defraud insurer" is distinct offense from that of arson.**

Offense of "burning insured property to defraud insurer," under Code 1923, § 3294, is separate and distinct offense from arson, as defined by sections 3289, 3290, 3291, 3293.

2. **Arson** ⬤⟳2, 18—**Elements of offense of "burning insured property to defraud insurer," and of indictment therefor, stated.**

Elements of offense of "burning insured property to defraud insurer," as defined by Code 1923, § 3294, are willful burning or attempt to burn any building or property, which at time is insured against fire, with intent to injure or defraud insurer; and indictment to be valid must allege such constituents.

3. **Indictment and information** ⬤⟳110(2)—**Indictment in language of statute or equivalent words is sufficient where no form prescribed.**

Where no form of indictment is prescribed, it is sufficient to follow language of statute or to describe offense in other words of equivalent import.

**4. Indictment and information ⊙⇒110(7)—Indictment for burning insured property to defraud insurer, substantially in language of statute, held sufficient.**

Indictment, alleging offense of burning insured property with intent to defraud insurer substantially in language of Code 1923, § 3294, *held* sufficient, in view of section 4541, and statute specifying requisites of indictment.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Baker Caton was convicted of arson in the second degree, and he appeals. Affirmed.

Count 2 of the indictment, to which other counts are similar, is as follows:

"The grand jury of said county further charges that, before the finding of this indictment, Baker Caton and Fred Abner, with intent to charge, injure, or defraud the insurer, the Phœnix Assurance Company, Limited, of London, England, did willfully burn or with intent to burn set fire to a warehouse, the property of said Baker Caton, and which at the time was insured against fire."

A. Whaley, of Andalusia, for appellant.

Counsel argue for error in overruling demurrer to the indictment, citing 5 C. J. 568.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The indictment follows the language of the statute and is sufficient. Oliver v. State, 16 Ala. App. 533, 79 So. 313; Rogers v. State, 17 Ala. App. 175, 83 So. 359.

BRICKEN, P. J. This appeal is upon the record proper. The points of decision relate to the sufficiency of the indictment upon which this appellant was tried and convicted in the lower court. The insistencies of error are based upon the action of the court in overruling certain demurrers to the indictment.

[1] Section 3294 of the Code 1923, under the terms of which the indictment in this case was drawn, provides that any person, who, with intent to charge, injure, or defraud the insurer, willfully burns, or, with intent to burn, sets fire to, any building or property which at the time is insured against fire, or who attempts to do so, must, on conviction, be punished by imprisonment in the county jail, or hard labor for the county, for not more than twelve months; and may also be fined not more than $2,000, at the discretion of the jury.

The offense denounced by this statute, while of a kindred nature, is a separate and distinct offense from arson as defined in sections 3289, 3290, 3291, 3293, Code 1923.

[2] The constituent elements of the offense defined by the statute, and here charged, are: (1) The willful burning or attempt to burn any building or property which at the time is insured against fire; (2) with the intent to charge, injure, or defraud the insurer. And the indictment, in order to be valid, must allege these statutory constituents.

[3] No form of indictment is prescribed for the offense here charged, and where there is no form prescribed, it is sufficient to follow the language of the statute, or to describe the offense in other words of equivalent import. Wilson v. State, 61 Ala. 151; Smith v. State, 63 Ala. 55; Brown v. State, 15 Ala. App. 180, 74 So. 733.

The statute provides that an indictment must state the facts constituting the offense in ordinary language, and in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper punishment.

When an intent to injure or defraud is necessary to constitute the offense, it is sufficient to allege an intent to defraud generally, without naming the particular person, or corporation intended to be injured or defrauded. Code 1923, § 4541.

[4] In the instant case, a comparison of the language of the statute with the averments of the indictment shows that it substantially, if not literally, follows the language of the statute, and in our opinion charges all the facts essential to constitute the offense. This, as stated, under the repeated rulings of the Supreme Court and this court, is all that is required.

From what has been said, the court committed no error in overruling the demurrers to the indictment. No other question is presented. The judgment of conviction appealed from is affirmed.

Affirmed.