# Underwood *v.* The State.

### *Indictment for Larceny of Cow.*

1. *Averment and proof of ownership of thing stolen.*—In an indictment for larceny, the ownership of the property or thing stolen must be alleged, or the failure to allege it must be excused by proper averments; and a variance between the allegations and the proof is fatal to a conviction.

2. *Misnomer and variance.*—The mere mis-spelling of a name, whether of the defendant or a third person, does not vitiate an indictment, and is not a fatal variance, unless the difference causes a material change in the pronunciation of the name.

3. *Same; whether question for court or jury.*—Whether one name is *idem sonans* with another, notwithstanding a difference in the spelling of the two, is a question of fact for the determination of the jury, when it arises on the evidence under the plea of the general issue, and not a matter of law for the decision of the court.

4. *Recent possession of stolen goods.*—The possession of stolen goods recently after the larceny, if unexplained, is a criminating fact, from which the jury may infer the defendant's complicity in the larceny; and the question of its sufficiency being for their determination alone, the court may refuse to instruct them that such unexplained recent possession, "without other circumstances tending to show felonious intent, does not amount to proof beyond a reasonable doubt of a larceny committed by the defendant."

FROM the Circuit Court of Perry.

Tried before the Hon. JOHN MOORE.

The indictment in this case charged, in a single count, "that Perry Underwood, *alias* Charley Williams, feloniously took and carried away a cow, the personal property of Ann *Fooley.*" The defendant pleaded not guilty, and issue was joined on that plea. On the trial, Mrs. Ann *Foley* was introduced as a witness on the part of the State, and testified, "that the cow mentioned was her property, and was stolen from her in Dallas county, at her place about four miles from Selma, where her cattle were kept in a pasture; that she was in Selma on the day

[Underwood v. The State.]

the defendant sold the cow, and had not missed her, until she was told, in Selma, that he had brought the cow to Selma, and had sold her to a butcher; and that when she went home, in the afternoon of that day, she went around her pasture, and found where the fence had been pulled down and the cow taken out. She testified also, on cross-examination, that her name was Ann *Foley*, and was so spelled and pronounced by her, and that she never spelled it *Fooley*. The defendant then moved the court to exclude from the jury so much and such parts of the testimony of the witness as tended to show property in Ann *Foley*; because the indictment alleges the property to be in Ann *Fooley*, and not Ann *Foley*;" and duly excepted to the overruling of his motion. Richard Teague, another witness for the State, testified, that the defendant came to his house in the outskirts of Selma, about ten o'clock at night, the day before he sold the cow in Selma, having the cow tied with a rope, and asked to stay all night, saying that his father had sent him, from Summerfield, to carry the cow to a butcher in Selma; and the butcher in Selma, to whom the cow was sold by the defendant on the next morning, testified to that fact. "This being the substance of all the evidence, the defendant requested the court, in writing, to instruct the jury as follows: 1. 'If the jury believe, from the evidence, that the only evidence of the defendant's guilt is, that he was in possession of the stolen cow, and that he failed to account satisfactorily for his possession, without other circumstances tending to show felonious intention, this does not amount to proof beyond a reasonable doubt of a larceny committed by the defendant.' 2. 'If the jury believe, from the evidence, that the property charged to have been stolen, and alleged in the indictment to be the property of Ann *Fooley*, was in fact the property of Ann *Foley*, the defendant can not be convicted under this indictment.'" The court refused each of these charges, and the defendant excepted to their refusal.

B. F. SAFFOLD, for the appellant, cited *Lynes v. The State*, 5 Porter, 236; *Humphrey v. Whitten*, 17 Ala. 30; *Beene v. Railroad Co.*, 3 Ala. 660; *Gabriel v. The State*, 40 Ala. 357.

H. C. TOMPKINS, Attorney-General, for the State, cited *Page v. The State*, 61 Ala. 16; *Colquit v. The State*, 61 Ala. 48; *Roberts v. The State*, 61 Ala. 401; *Moorer v. The State*, 44 Ala. 16; *Maynard v. The State*, 46 Ala. 85; *Neal v. The State*, 53 Ala. 465; Wharton's Amer. Crim. Law, § 1277.

BRICKELL, C. J.—An indictment for larceny must state the ownership of the property charged to have been stolen, or

[Russell v. The State.]

excuse the omission by proper averments. When the owner-ship is alleged, a variance between the allegation and the proof entitles the accused to an acquittal, though it will not bar a new indictment describing or averring the ownership properly. In this case, the name of the owner of the thing stolen is averred to be *Ann Fooley*, while the evidence was that the true name of the owner was *Ann Foley*, so spelled and pronounced by her, and never spelled or pronounced as *Ann Fooley*.

The mere mis-spelling of the name of the accused party, or of the name of a third person whom it may be necessary to mention, itself will not vitiate an indictment, or produce a fatal variance, unless it is apparent that the mis-spelling causes a material change in the pronunciation or sound of the two names. Whether one name is *idem sonans* with another, is not a question of orthography, but of pronunciation, "depending less upon rule than upon usage;" and when it arises in evi-dence on the general issue, is a question of fact for the deter-mination of the jury, not for the decision of the court. 1 Whart. Cr. Law, § 597; *Commonwealth v. Donovan*, 13 Allen, 571. The motion to exclude the evidence, and the instruction requested, were but efforts to withdraw the inquiry from the consideration of the jury, and were properly over-ruled.

The recent, actual, unexplained possession of stolen goods, is a fact from which the jury may infer the complicity of the defendant in the larceny. Whether it is sufficient evidence of guilt, is a question for their determination. There may be cases in which it would stand alone, unconnected with any other criminating fact, and from it the jury would not probably infer guilt. Whether the inference is just and reasonable— whether the fact satisfies the minds of the jury as reasonable men, beyond all reasonable doubt, of the guilt of the accused— the court can not determine. The charge requested upon this point assumes to declare the sufficiency of the evidence, and was an invasion of the province of the jury. There was no error in its refusal.

Affirmed.