## STATE v. WHITE.

1. NEW TRIAL—CASE—APPEAL.—Where the "Case" on appeal does not show whether the refusal of a motion for new trial was based upon a question of law or of fact, this court is not bound to consider an appeal from such refusal.
2. INDICTMENT—IDEM SONANS.—In an indictment for larceny certainty to a common intent is all that is necessary in describing persons other than the accused. Where the name of the owner of the stolen goods as laid in the indictment is *idem sonans* with the name proved, and the defendant was not misled, the variance is not fatal; and *Kennedy* and *Canada* are *idem sonans*.

Before FRASER, J., Charleston, February, 1890.

This was an indictment against William White for larceny committed in January, 1890. The opinion states the case. There was no testimony upon the point whether there was any such person as Kennedy McCutchen.

*Messrs. Trenholm & Rhett*, for appellant.

*Mr. Jervey*, solicitor, contra.

January 26, 1891. The opinion of the court was delivered by

MR. JUSTICE McIVER. The defendant was found guilty of larceny under an indictment which charged him with having

stolen the goods of *Kennedy* McCutchen, and having been convicted, he moved for a new trial before the Circuit Judge on the ground that there was a fatal variance between the *allegata* and *probata*, inasmuch as the proof showed that the goods alleged to have been stolen were the property of *Canada* McCutchen. His motion having been refused, he brings this appeal upon the same ground. Inasmuch as there is nothing in the "Case" which shows the ground upon which the Circuit Judge refused the motion, it might be sufficient to dispose of this appeal to say that for all that we know (from the record) the Circuit Judge might have refused the motion upon the ground that, in his judgment, the proof did not show that the goods belonged to *Canada* McCutchen, but, on the contrary, that they were the property of *Kennedy* McCutchen; and if so, then this court clearly could not overrule this finding of fact by the Circuit Judge. But inasmuch as the solicitor very properly, no doubt, makes no such point here, we will proceed to consider the case just as if the Circuit Judge had held that though the proof did show that the goods belonged to *Canada* McCutchen, and the allegation was that they were the property of *Kennedy* McCutchen, there was no such variance as would be fatal ; and we will proceed to consider whether there was any error in such ruling.

While it is undoubtedly the rule that an indictment for larceny must allege the name of the owner of the stolen goods, unless, perhaps, where the owner is unknown, which need not be considered here; yet an equally well settled rule is that in describing persons, other than the accused, in an indictment, "certainty to a common intent" is all that the law requires (1 Chit. Cr. Law, 211; *State* v. *Crank*, 2 Bail., 70), and proof of the same character is sufficient. We find it also laid down in 1 Bish. Crim. Proc., § 126 (of the edition in the Supreme Court library [1st edit.], which seems to be different from that cited by both counsel in this case), as follows : "The law does not take notice of orthography; therefore if a name is misspelled, no harm to the prosecution can come from this, provided the name as written in the indictment is *idem sonans*, as the books express it, with the true name." Our inquiry may therefore be narrowed down to the question whether the name of the owner of the goods

alleged to be stolen, as stated in the indictment, can be regarded as *idem sonans* with the name as given in the evidence. In the notes to the case of *Schooler* v. *Asherst* (13 Am. Dec., 233), it is said : "The doctrine of *idem sonans* has been much enlarged by modern decisions to conform to the growing rule that a variance, to be material, must be such a one as has misled the opposite party to his prejudice," and the cases sustaining this statement are there cited. In *Ward* v. *The State* (28 Ala., at page 60), the court said : "The books abound in hair-breadth distinctions, but we apprehend the true rule to be that, if the names may be sounded alike, without doing violence to the power of the letters found in the variant orthography, then the variance is immaterial." We find no distinct enunciation of the rule in our own State, but our courts have held that there is no fatal variance between the name Anthron and Antrum or Antrim (*State* v. *Scurry*, 3 Rich., 68), or between Cuffie and Cuffy or Cuff (*State* v. *Farr*, 12 Rich., 24).

It seems to us, therefore, that, without referring to the numerous cases in the books, where slight variations in orthography have sometimes been held fatal and sometimes not, without reference to any definite rule, it would be better to follow the rule which may be deduced from the more modern decisions to this effect, that where the name as written in the indictment may be pronounced (although such may not be the strictly correct pronunciation) in the same way as the name given in the evidence, the variance will not be regarded as fatal, unless the variant orthography be such as would be likely to mislead the defendant in preparing his defence. Tested by this rule, we think it clear that there was no error on the part of the Circuit Judge in refusing the motion for a new trial on the ground stated. *Kernedy* may be pronounced *Canada*, and, as a matter of fact, sometimes is by uncultivated persons, and there is no pretence that the defendant was misled. It was admitted that the goods alleged to have been stolen, and which the jury have convicted the defendant of stealing, were the property of the witness, *Canada* Mc-Cutchen, and the fact that, in the indictment, the name of the owner was stated to be *Kennedy* McCutchen was not calculated

to mislead, and so far as appears did not mislead, the defendant in preparing his defence.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.