# Elmore *v.* The State.

*Indictment for Larceny.*

1. *Escape as evidence of guilt.*—The breaking out of jail and escape of one under indictment for crime, may be given in evidence at his trial. Whether or not the motive for such escape arose from the consciousness of guilt, or other considerations, is a question for the determination of the jury.

FROM the Circuit Court of Marengo.

Tried before the Hon. JAMES T. JONES.

The defendant was indicted for stealing a watch, and was released on bond to await trial. Before the trial he was remanded to jail. At the trial, a witness for the State testified, that he did not know whether the defendant had been surrendered by his bondsmen in the matter of this indictment, or whether he was committed on another charge, but that after his commitment he broke out of jail and escaped, and

[Elmore v. The State.]

was subsequently recaptured. The defendant moved the court to exclude from the jury that portion of witness' testimony relating to the breaking of jail and escape by defendant, on the ground that it was irrelevant and illegal. The court overruled the motion, and this appeal is taken from that action of the court.

GESNER WILLIAMS, for appellant.—[No brief.]

WM. L. MARTIN, Attorney-General, for the State, cited 3rd Brick. Dig. p. 290, §§ 649, 653; *Sylvester v. State*, 72 Ala. 201; *Carden v. State*, 84 Ala. 417; *Kelso v. State*, 47 Ala. 573.

HARALSON, J.—The breaking out of jail and escape of one under indictment for crime, may arise from conscious guilt and the fear of trial therefor, and the dread of the punishment to follow; or it may be, that the defendant, conscious of innocence, may dread trial lest he be convicted; or, again, with such consciousness of innocence, being confined in prison and unable to give bail, he would seek freedom in flight from the discomforts of such imprisonment. Different individuals might act differently, under the same circumstances, owing to the difference in their minds, dispositions and characters. Whether or not, the motive for such an escape has its origin in the consciousness of guilt and the dread of being brought to justice, or whether it can be explained and attributed to some other innocent motive, are questions for the determination of the jury, under all the evidence in the cause. Of itself, such evidence would not warrant conviction, but it is relevant, and the weight to which it is entitled, is for the jury under proper instructions from the court.—*Bowles v. The State*, 58 Ala. 335; *Sylvester v. The State*, 72 Ala. 201; *Ross v. The State*, 74 Ala. 532; *Carden v. The State*, 84 Ala. 417.

There was no error in the admission of the evidence excepted to.

Affirmed.