# Andrews *v*. The State.

*Indictment for Larceny.*

1. *Larceny; evidence of ownership of property.*—On a trial under an indictment which charges that the defendant stole money "from the warehouse of the Pensacola and Selma Division" of the Louisville & Nashville Railroad Company, where the State introduces in evidence the charter of said railroad, it is competent for the State to ask the depot agent at the place where the money was stolen, whether the railroad at said designated place "was the Pensacola & Selma Division of the Louisville & Nashville Railroad Company;" and the answer of said witness to the question that said railroad was generally called and understood to be the Pensacola & Selma Division of said railroad company is admissible in evidence. An objection to the question on the ground that "there is better evidence of the fact sought to be proved," is properly

[Andrews v. The State.]

overruled, it not appearing that there was any better evidence than that disclosed by the answer of the witness.

2. *Same; variance between allegations and proof.*—On a trial under an indictment which charges the defendant with having stolen money from the warehouse of a designated railroad company, where the evidence shows that the money was stolen from the office in the depot building of said railroad, and that leading from said office there was a door opening into a room used for storing freight, such office is shown to be a part of the warehouse; and there is no variance between the averments of the indictment and the proof, which would justify the exclusion of the evidence relating to the taking of the money from said building, or would authorize the giving of the general affirmative charge in favor of the defendant.

APPEAL from the Circuit Court of Wilcox.

Tried before the HON. JOHN MOORE.

The appellant was tried and convicted under an indictment which charged that he feloniously took and carried away "from the warehouse of the Pensacola and Selma division of the Louisville & Nashville Railroad Company, a corporation under the laws of the State of Kentucky, a twenty dollar bill of the lawful currency of the United States of America, a further description of which is unknown to this grand jury, the personal property of the Louisville & Nashville Railroad Company."

The facts of the case pertaining to the rulings of the trial court reviewed on the present appeal are sufficiently stated in the opinion.

MILLER & BONNER, for appellant, cited *Stone v. State,* 115 Ala. 121; *Lynch v. State,* 89 Ala. 18; *Perryman v. Greenville,* 51 Ala. 507; 28 Amer. & Eng. Encyc. of Law, 636.

CHAS. G. BROWN, Attorney-General for the State, cited Bishop on Statutory Crimes, § § 293-294; *Johnston v. State,* 19 Ala. 527; *Hagan v. State,* 52 Ala. 375; *Lynch v. State,* 89 Ala. 18; *Jefferson v. State,* 100 Ala. 59.

HARALSON, J.—The indictment charged that the money stolen was the property of the Louisville & Nashville Railroad Company, and it was stolen by defendant from the warehouse of the Pensacola & Selma Division

of said railroad company. The proof tended to sustain the allegations of the indictment. The State introduced in evidence the charter of said railroad company showing it to have been incorporated under the laws of Kentucky, and asked the depot agent who was being examined, "Whether the railroad at Allenton depot in said county was the Pensacola & Selma Division of the Louisville & Nashville Railroad Company?" The defendant objected to the question because, as he stated, "there is better evidence of the fact sought to be proved." The objection was overruled, and the witness testified that said railroad was generally called and understood to be the Pensacola & Selma Division of said railroad company.

In this ruling there was no error. It was entirely competent for the witness to answer the question as he did; and, as for the objection raised against it, it does not appear that there was any better evidence of the fact sought to be proved, than the answer of the witness disclosed.

The proof showed that the money was taken from the office of said railroad, and the indictment charged it to have been stolen from the warehouse of the Pensacola & Selma Division of said railroad company. On account of this supposed variance, the defendant moved to exclude from the jury all the evidence about the money having been taken from the office of said building; and for the same reason, he asked the court to give the general charge in his favor.

The bill of exceptions states that the $20 which was stolen was in an iron safe which was in the office of said railroad company at the depot at Allenton, Wilcox county, Alabama; that the office was a room ten by twelve feet, with a high desk in it, and the safe was under the desk; that there was a door opening from said office into a waiting room for whites, which was twelve by fifteen feet in dimensions, and a door opened from said office into a freight room, which was twelve by fifteen feet; that there was a waiting room for colored persons, twelve by fifteen feet adjoining said office, but no door opened therefrom into said office, and that all

[Andrews v. The State.]

these rooms were under one roof, with a platform about twelve feet wide extending in front of all of them.

A warehouse, in its popular acceptation, signifies an apartment or building for the temporary reception and storage of goods and merchandise.—*Lynch v. The State,* 89 Ala. 18; Bishop Stat. Crimes, § 293. Of similar meaning is the word storehouse. In respect to the latter this court long ago held that a room in the second story of a' two story house, which was accessible only by means of a flight of steps which led up to it on the outside, and which was used by one of the proprietors of the house as a sleeping apartment, the lower room being used by the proprietors jointly for retailing liquors, was a storehouse within the statutory prohibition against gaming at a storehouse for retailing spirituous liquors. *Johnson v. The State,* 19 Ala. 527. Again it was held that a room in a warehouse, used by a clerk for the transaction of business and a sleeping room, was a public house within the statute against gaming.—*Windham v. The State,* 26 Ala. 69 ;*Brown v. The State,* 27 Ala. 47.

Here we have in this depot, a room used for the purpose of storing freight which opened by a door into an office occupied by the clerk, from which the money was stolen. That the office under the facts above stated, was a part of the warehouse we apprehend cannot be fairly questioned. The court, therefore, committed no error in refusing to exclude the evidence for the alleged variance.

For the same reasons, the general charge requested by defendant was properly refused.

Affirmed.