# H. Holland *v.* The State.

## *Seduction.*

(Decided April 23, 1914. Rehearing denied May 14, 1914. 66 South. 126.)

1. *Indictment and Information; Sufficiency; Clerical Error.*—An indictment for seduction which followed the form prescribed in the Code, is sufficient, and not subject to demurrer because it had the word "di" for the word "did" therein; this being a mere clerical error which was self-correcting from the context.

2. *Evidence; Presumption of Regularity of Indictment.*—A proper indictment, regularly returned, properly indorsed, and signed by the

[H. Holland v. The State.]

foreman of the grand jury is presumed to be regularly found on legal and sufficient evidence.

3. *Indictment and Information; Motion to Quash; Evidence.*— Where there were two witnesses before the grand jury which returned the indictment, in addition to the prosecutrix, the evidence was not insufficient so as to authorize the quashal of the indictment for seduction on the theory that the prosecutrix was not corroborated, as required by section 7776, Code 1907.

4. *Seduction; Corroborative Evidence.*—Where there was evidence that defendant was visiting prosecutrix openly, and with such frequency as to suggest that they were engaged, that during such time they inspected a farm which defendant had rented, that during such time defendant had sexual intercourse with prosecutrix, and that he afterwards fled, was sufficient corroborative evidence of the prosecutrix, to meet the requirements of section 7776, Code 1907.

5. *Same.*—The fact that two of defendant's brothers had married sisters of prosecutrix was admissible as having some tendency to prove that defendant and prosecutrix occupied similar stations in life, and the probability of the material fact of a promise of marriage.

6. *Same.*—The provisions of section 7776, Code 1907, do not require that the jury's conclusion that the prosecutrix swore truly shall be based alone on the corroborative testimony, but they may be based upon the credibility of her testimony and its corroboration in a material respect.

7. *Same; Past Feelings.*—Where prosecutrix had testified to the fact that defendant had sexual intercourse with her, after saying to her that he thought she ought to permit him to do so, if she loved him as she ought, the admission of her statement that she loved him, was improper, as it was of a past state of feeling; but it was harmless, as the conclusion might well have been inferred from evidence previously introduced without objection.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Hughey Holland was convicted of seduction, and he appeals. Affirmed.

JAMES E. HORTON, for appellant. If indictment found on uncorroborated statement of prosecutrix it should be quashed on motion.—*Allen v. State,* 162 Ala. 74. Defendant is entitled to prove by the grand jurors that there was no evidence before them corroboratory of prosecutrix.—*Allen v. State,* 162 Ala. 74; *Hart's Case,* 117 Ala. 183. The mere fact that other witnesses than prosecutrix were examined did not prove that the tes-

timony given by them was corroborative.—*Allen v. State,* 162 Ala. 74. The prosecutrix must be corroborated by some other witness as to some act or fact which is an element of the offense charged, and such corroboration must tend to connect the accused with such elemental act or fact.—*Cooper v. State,* 90 Ala. 643; *Suther v. State,* 118 Ala. 88; *Cunningham v. State,* 73 Ala. 51; *Wilson v. State,* 73 Ala. 527; *Allen v. State,* 162 Ala. 74; *Wright v. State,* 37 Am. St. Rep. 822; *Kenyon v. People,* 84 Am. Decis. 177. The essential elements of the offense of seduction are: 1. The woman must be unmarried. 2. She must be induced to surrender her chastity by a promise of marriage, or the arts or deception of the man.—*Wilson v. State,* 73 Ala. 527. It is not sufficient that there be a promise of marriage or arts or deceptions on the part of the man but the criminal connection must have resulted from such promise or arts, flattery or deception, and not from the passions of the woman.—*Carney v. State,* 79 Ala. 14; *Wilson v. State,* 73 Ala. 527; *Suther v. State,* 118 Ala. 88; *People v. Defore,* 8 Am. St. Repts. 863. The promise of marriage must sustain the relation to the accomplished purpose of cause to effect.—*Carney v. State,* 79 Ala. 14. A witness may not testify as to an uncommunicated prior condition of feeling.—*McCormack v. Joseph,* 77 Ala. 236; *Richardson v. Stringfellow,* 100 Ala. 416; *Broyles v. Central of Georgia Railway Co.,* 166 Ala. 616; 139 Am. St. Rep. 50. The omission of the word "did" in an indictment renders it void.—22 Cyc. 293; *State v. Hulder,* 13 Am. Decis. 738; 1 Bishop on Criminal Procedure, section 338; *Wood v. State,* 50 Ala. 144. Where an essential word in an indictment is so misspelled as to be meaningless, the indictment is bad.—*Wood v. State,* 50 Ala. 144; *Parker v. State,* 144 Ala. 690; *Jones v. State,* 1 Am. St. Repts. 449; *People v. St. Clair,*

55 Cal. 504. A defendant may explain flight and show that he fled on the advice of his friends.—*State v. Phillips,* 24 Mo. 475; 12 Cyc. 396. Evidence which does not tend to establish any material fact is inadmissible.—*McGee v. Billingslee,* 3 Ala. 679-699; *Carr's Case,* 106 Ala. page 1; *Glass' Case,* 147 Ala. 50. When irrelevant evidence has been admitted the absence of injury must be very plain to allow the appellate court to sanction the error.—*Thomas v. De Graffenried,* 27 Ala. 651-58; *Brandon v. Progress Dis. Co.,* 167 Ala. 365. The admission of irrelevent evidence over objection magnifies it to the jury, and is ground for reversal.—*B'ham Elec. R. Co. v. Clay,* 108 Ala. 234.

R. C. Brickell, Attorney General, and T. H. Seay, Assistant Attorney General, for the State.

WALKER, P. J.—The indictment was in the Code form for an indictment for seduction (Code, § 7161, form 97), except that "di" occupied the place of the word "did," as used in that form. No person of common understanding who might detect the omission of a letter from one word of the indictment could fail to know from the context, as a matter of common sense, the exact word which was intended, and that the defect was a mere clerical error, which did not in the least obscure the meaning of the charge. Such a person would not be more certain of the meaning if there had been no omission of the final "d." An indictment is not vitiated by a mere clerical slip, the correction of which is furnished by the context. The demurrer to the indictment was properly overruled.—*Sanders v. State,* 2 Ala. App. 13, 56 South. 69; *Witt v. State,* 5 Ala. App. 137, 59 South. 715; *Stalworth v. State,* 155 Ala. 14, 46 South. 518.

The statute which defines the offense of seduction provides that:

"No indictment or conviction shall be had under this section on the uncorroborated testimony of the woman upon whom the seduction is charged."—Code, § 7776.

The defendant in this case moved the court to quash the indictment, because it was found by the grand jury on the uncorroborated testimony of the woman upon whom the seduction was charged. The evidence introduced on the hearing of this motion was not such as to require favorable action on the motion. There was evidence tending to prove that there were two witnesses before the grand jury besides the prosecutrix. The testimony of each of the two grand jurymen who were examined exhibited such a lack of recollection of what was deposed to before the grand jury as to warrant the conclusion that there was no satisfactory showing of an absence of testimony in corroboration of that of the prosecutrix. The indictment having been duly returned, properly indorsed as a true bill, and bearing the signature of the foreman, the presumption is that it was regularly found on legal and sufficient evidence.—22 Cyc. 206. It is not made to appear that the evidence offered in support of the motion to quash was sufficient to overcome this presumption. In the case of *Allen v. State,* 162 Ala. 74, 50 South. 279, 19 Ann. Cas. 867, it was held that the trial court erred in excluding evidence of the lack of evidence before the grand jury which was corroborative of that of the prosecutrix. There was no such improper exclusion of evidence in the instant case, and the testimony as to what occurred before the grand jury was not such as to require a finding that the indictment was found on insufficient evidence.

The requirement of the statute as to corroborating evidence as to a material fact, other than that furnished by the testimony of the woman herself, which is sufficient to satisfy the jury that the woman is worthy of credit.—

*Suther v. State,* 118 Ala. 88, 24 South. 43; *Munkers v. State,* 87 Ala. 94; 6 South. 357; *Wilson v. State,* 73 Ala. 527. The required corroboration is supplied by evidence from another source of circumstances which tend to prove the existence of a material element of the offense as testified to by the woman.—2 Chamberlayne on Evidence, § 1597. In the trial there was evidence, other than the testimony of the woman, tending to prove that the defendant, during the period referred to in her incriminating testimony, was visiting her openly, and with such frequency as to suggest the existence of a marriage engagement between them, that during that time they together made a trip to and inspected a farm which he had rented, and that the defendant fled from the locality very soon after he heard from others that she was claiming that she was with a child by him. The defendant admitted that he had sexual intercourse with the woman during the period referred to in her testimony. His flight was a circumstance having some tendency to show his consciousness of guilt.—*Elmore v. State,* 98 Ala. 12, 13 South. 427; 2 Chamberlayne on Evidence, § 1399a. A material feature of the seduction testified to by the woman was the existence of the influence or inducement of the man's promise to marry her. The defendant's flight, in connection with the other circumstances mentioned of which there was evidence other than the testimony of the woman, had some tendency to prove the existence of this element of the offense, and so to corroborate or add probative weight to the testimony of the woman to the effect that she was induced to surrender her chastity by a promise of marriage. We are not of opinion that the court was in error in refusing to rule that there was a lack of the requisite corroborating evidence.—*Suther v. State, supra; Wilson v. State, supra*; 35 Cyc. 1362.

Over the defendant's objection, the prosecution was permitted to bring out the fact that two of the defendant's brothers had married two sisters of the woman who was charged to have been seduced. This fact had some tendency to prove that the defendant and the woman occupied similar stations in life. The probability of there having been an engagement of marriage between them would be greater if their respective stations in life were similar than it would be if there was a wide difference between them in this respect. As, under the evidence in the case, the inquiry as to the existence of such an engagement was a material one, it was permissible for the prosecution to introduce evidence of a fact which logically rendered not improbable the fact of such an engagement as stated by the woman.—Jones on Evidence, § 135.

After the woman had, without objection, testified to the fact that the defendant had sexual intercourse with her, after saying to her that he thought she ought to permit him to do so if she loved him like she ought to, and like she said she did, she was permitted, over the defendant's objection, to state that she loved him. It was not proper to admit such evidence of the past state of feeling of the woman; but the judgment appealed from should not be reversed because of this ruling, as the fact so deposed to might well have been inferred from evidence which previously had been admitted without objection. It cannot be supposed that the result would have been different if the testimony objected to had been excluded.

The court did not err in refusing to give written charge 12 requested by the defendant. That charge in effect asserts that the corroborating evidence standing by itself must be sufficient to convince the jury beyond a reasonable doubt that the woman charged to have been

[Stone v. The State.]

seduced swore truly. This is a greater measure of corroboration than the statute requires. While it forbids a conviction on the uncorroborated testimony of the woman, it does not require that the jury's conclusion that she swore truly shall be based solely on the corroborating evidence, and not at all on the impression made by her testimony. Their conclusion to this effect properly may be based upon the credibility of her testimony and the corroboration of it in a material respect.

"Evidence may be sufficient to meet the statutory requirement as to corroboration, and yet not sufficient to satisfy the jury beyond a reasonable doubt that the woman swore truly."—*Munkers v. State,* 87 Ala. 94, 6 South. 357.

What is required is that the probative weight of the woman's testimony must be added to by evidence which corroborates, or furnishes additional assurance of the truth of, a material part of her narrative.

What has been said disposes of the rulings of the trial court of which complaint has been made in the argument of the counsel for the appellant. We find no reversible error in the record.

Affirmed.