## Kirk *v.* The State.

### *Larceny.*

(Decided June 8, 1915. 69 South. 350.)

1. *Larceny; Indictment; Variance.*—Where the indictment alleged that the pistol was stolen from a warehouse belonging to a certain corporation, and the evidence showed that it was stolen from an office under the same roof as the warehouse, and directly connected with it by a door, there was no variance; such office being part of the warehouse within the meaning of section 7324, Code 1907.

2. *Indictment and Information; Clerical Error; Name.*—An indictment for larceny from the warehouse of a certain fertilizer company was not defective fatally because the name of the fertilizer company was stated as "Fertilize Company"; such error being a self-correcting clerical error.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

Dee Kirk was convicted of larceny, and he appeals. Affirmed.

No counsel marked for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

PELHAM, P. J.—(1) The indictment upon which the defendant was tried and convicted contains but one count, and is drawn to charge grand larceny under the section of the Code defining that offense (Code, § 7324).

It charges that the pistol stolen was the property of one G. A. Mattison, and that it was stolen by the defendant from a warehouse of the "Ashland Oil Mill & Fertilize Company, a corporation."

It was shown without conflict in the evidence that the Ashland Oil Mill & Fertilizer Company had one warehouse used for storing seed, called the seed warehouse, and another for storing meal and hulls; that near by was yet another building under separate roof having two rooms connected by a door, one of the rooms being used as an office, and the connecting room used for storing minor supplies for the mill, such as ribs for the gin, packing ropes, belting, and other supplies and articles for repair and keeping up the machinery connected with the plant. The pistol was stolen from a desk in the room in this building used as an office. The room in the building connected by a door with the office, used for storing supplies, etc., was a warehouse within the meaning of the statute, and the office under the same roof connected directly with it by a door which opened into it was a part of the warehouse.—*Andrews v. State,* 123 Ala. 42, 26 South. 522.

(2) The statement of the name of the fertilizer company as "Fertilize Company" in the indictment is shown on its face to be a clerical error that is self-correcting. —*Holland v. State,* 11 Ala. App. 134, 66 South. 126, and authorities there cited.

The motion of the defendant to exclude from the jury all the evidence of the pistol having been taken from the office, because of a supposed variance between the allegata and probata, was properly denied. The court's refusal to give the general charge requested by the defendant for the same reason was also free from error.

We find no error in the record.

Affirmed.