(91 South. 911)

### ASKEW et al. v. STATE. (5 Div. 383.)

(Court of Appeals of Alabama. Jan. 10, 1922.)

**1. Indictment and information ⊜⟜79, 169—Misspelling of word in indictment held not to render it demurrable or render evidence inadmissible.**

That an indictment for larceny of paper money misspelled paper "papaper" was a clerical error, and did not render the indictment demurrable, or render' evidence that the money stolen was paper money inadmissible.

**2. Larceny ⊜⟜68(1)—Where evidence conflicting, affirmative charge properly refused.**

Where the evidence on a trial for larceny was in conflict, the affirmative charge was properly refused.

Appeal from Circuit Court, Lee County; Lum Duke, Judge.

Brock Askew and Sylvester Willis were convicted of larceny, and they appeal. Affirmed.

Smith & Watkins, of Opelika, for appellant.

The court erred in overruling the demurrers to the indictment and in admitting evidence of paper money being stolen. 45 Ala. 66; 12 Enc. P. & P. 44, and note; 97 Ala. 82, 12 South. 276; 99 Ala. 54, 11 South. 830.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The defendants were convicted under an indictment which charged them with grand larceny, and sentenced to the penitentiary for a term of not less than three nor more than four years.

[1] Demurrers were interposed which questioned the sufficiency of the description of the stolen property, it being alleged as "$2,000 papaper currency of the United States, a further description of which is to the grand jury unknown." The indictment being otherwise in form, except that "papaper" stood in the place of the word "paper," showed a mere clerical error, and was not demurrable. Holland v. State, 11 Ala. App. 134, 66 South. 126; Ex parte Holland, 191 Ala. 662, 66 South. 1008; Kirk v. State, 13 Ala. App. 316, 69 South. 350; Brown v. State, 15 Ala. App. 611, 74 South. 733. This being a clerical error, and self-correcting, there was no error in the ruling of the trial court in permitting witnesses to testify that the money alleged to have been stolen was paper money.

[2] The bill of exceptions recites that the testimony for the state tended to show that Isom Bufford had stolen from him the money described in the indictment, and that it was stolen by the defendants, while the defendants' testimony tended to show they were not the guilty parties. It thus appears that there was a conflict in the evidence, and, this being so, the affirmative charge was properly refused to them. Smith v. State, 16 Ala. App. 546, 79 South. 802.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.

---

⊜⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes