191 So. 655

**ROBINSON v. STATE.**

**6 Div. 584.**

Supreme Court of Alabama.

Oct. 19, 1939.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

Beddow, Ray & Jones, of Birmingham, for respondent.

## PER CURIAM.

On the evidence stated by the Court of Appeals in the opinion of that court, we hold that the question of self-defense was for the jury. The evidence tends to show that the defendant offensively disputed the truth of statements made by the wife of deceased, and this immediately brought on the fight. Whether or not he was free from fault was therefore for the jury. Whether his subsequent acts in attempting to get out of the way of deceased was a bona fide withdrawal from the difficulty re-establishing his right to invoke self-defense was also for the jury.

Taking as a basis the findings of the Court of Appeals that the act of the defendant in firing a shot in his wife's room while she was dressing, was from forty-five minutes to an hour before the fight started; that at that time no animosity had developed, and this act was wholly disconnected with the difficulty between the defendant and the deceased culminating in the homicide; we concur that the evidence in respect to the firing of said shot should have been rejected on defendant's objection, and in overruling the objection thereto the Circuit Court erred.

On like basis we are of opinion that the Circuit Court erred in not sustaining the objection of the defendant to the testimony of the witness, Elois Loveless, that defendant, who was assisting in the kitchen, spilled corn on the stove and was asked by some of those in the kitchen if the "mess" should be cleaned up, and replied: "No, there would be a bigger mess than that before the night was over."

The statement in the opinion of the Court of Appeals that: "A judgment of conviction cannot be permitted to stand * * * unless it affirmatively appears that the trial of the accused in the court below proceeded throughout without substantial error", is not approved. Error is not presumed but the burden is on the appellant to show error. Smith v. State, 183 Ala. 10, 14, 62 So. 864; Milligan v. State, 208 Ala. 223, 94 So. 169.

The writ of certiorari is denied.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, BROWN, and FOSTER, JJ., concur, except as noted below.

THOMAS, J., concurs in the foregoing opinion except as to the statement made by the defendant in the kitchen testified to by the witness, Elois Loveless. He holds that this was prima facie a threat and should go to the jury.