15265

THE STATE v. LILA HUTCHINSON

(14 S. E. (2d), 898)

Mr. C. T. McDonald, for appellant,

*Mr. J. Reuben Long,* Solicitor, appeared for the State.

May 26, 1941.

The opinion of the Court was delivered by Mr. Associate Justice Baker.

At the June, 1940, term of the Court of General Sessions for Marion County, the appellant was placed on trial upon an indictment charging her with the statutory offense of bigamy, in that being lawfully married to one Gary Hutchinson, she contracted marriage with one B. J. Poston. After entering upon the trial, the indictment was amended as hereinafter indicated, and it was upon the amended indictment that appellant was convicted and sentenced.

The State offered in evidence a record from the office of the Judge of Probate for Florence County, purporting to show that in 1935, the appellant was married to one Gary Harrington. Timely objection was made to the introduction of this record on the ground that the indictment charged that while lawfully married to one Gary Hutchinson, the appellant married one B. J. Poston. The objection was overruled; and upon motion of the solicitor, the indictment was amended so as to allege appellant's marriage to one Gary Harrington, all over the objection of appellant.

The above rulings of the trial Judge form the basis of appellant's first exception, and we need go no further.

The appellant was called upon to prepare for, and defend, a charge against her that while lawfully married to one Gary Hutchinson, she entered into a marriage contract with another. It was just as necessary for the State to prove the first marriage as the second marriage; otherwise, no offense had been committed.

The evidence was admitted and the indictment permitted to be amended apparently upon the theory that the names "Hutchinson" and "Harrington" were *idem sonans.*

In one of the early cases in this State dealing with the doctrine of *idem sonans, Bull v. Franklin,* decided in 1843, and reported in 2 Speers, 46, Franklin was sued by the name of Willison Franklin and pleaded in abatement that his true name was Williston W. Franklin. His plea was sustained. However, the doctrine of *idem sonans* has been much enlarged by modern decisions, and as stated in *State v. White,* 34 S. C., 59, 61, 12 S. E., 661, 662, 27 Am. St. Rep., 783, "it would be better to follow the rule * * * that where the name as written in the indictment may be pronounced (although such may not be the strictly correct pronunciation) in the same way as the name given in the evidence, the variance will not be regarded as fatal, unless the variant orthography be such as would be likely to mislead the defendant in preparing his defense."

In the case just above quoted from, it was admitted that the goods alleged to have been stolen, and which the jury convicted the appellant of stealing, were the property of Canada McCutcheon. In the indictment, the name of the owner was stated to be Kennedy McCutcheon, and the Court held that this variance was not calculated to mislead, and apparently did not mislead the defendant-appellant in preparing his defense.

The *White case* was decided in 1890, and in 1893, in the case of *State v. Mims,* 39 S. C., 557, 17 S. E., 850, where the defendant-appellant was charged with the crime of adultery with one "Lula Hunting," the Court held in a memorandum opinion that admissions made by one "Lula Huntington" were not admissible in evidence. From the report of the case, it would appear that under no circumstances, was this testimony admissible, but the opinion was predicated on the variance in the names, "Hunting" and "Huntington."

We call attention to the fact that in the *White case* the actual and true name of the owner of the goods stolen was

not so material; and that the actual and true name in the *Mims case* was most material.

And so, in the case under discussion, the name and ■ person to whom the appellant was alleged to be lawfully married at the time of her alleged second marriage was most material. The Grand Jury charged that while appellant was lawfully married to one Gary Hutchinson, she bigamously contracted marriage with one B. J. Poston. This is the only indictment upon which the Grand Jury acted. The State having admitted that there is no such person *in esse* connected with this case as Gary Hutchinson, and there being insufficient similarity with the name "Harrington" to come within the doctrine of *idem sonans*, it follows that the trial Judge was in error in admitting the testimony hereinabove referred to, and in permitting the indictment to be amended in the particular aforementioned; and that there is not now in existence, so far as the record discloses, a valid indictment pending against appellant.

Reversed.

Mr. Chief Justice Bonham and Messrs. Justices Fishburne and Stukes concur.