17 So.2d 430

### ESPEY et al. v. STATE.
### 6 Div. 11.

Court of Appeals of Alabama.
March 28, 1944.

E. D. McDuffie, of Tuscaloosa, for appellants.

352

Wm. N. McQueen, Acting Atty. Gen., and Geo. C. Hawkins, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The two appellants were indicted for assault with intent to murder. Conviction was of an assault and battery. The victim, Wash Johns Clements, received serious knife wounds at the hands of Curtis Espey, while Curtis's father, John Wesley Espey, stood by with pistol in hand. The tragic episode was the culmination of an alleged love affair between Clements and Curtis's wife, who was in the automobile with Clements at the time.

The only propositions meriting treatment are argued in brief by counsel, and we discuss them in order.

■ The indictment charges that the two named appellants "unlawfully and with malice aforethought did assault Wash Johns *Clemnts* with the intent to murder him." It is argued that this omission of the letter "e" in Clements constituted a fatal variance, entitling the two defendants to an exclusion of the evidence and a directed verdict.

It is the view of this court that the argument is untenable and that the omission complained of is a clerical misprision which in no way changes the word or obscures the meaning intended. Curry v. State, 23 Ala.App. 182, 122 So. 298; Kirk v. State, 13 Ala.App. 316, 69 So. 350; Holland v. State, 11 Ala.App. 134, 137, 66 So. 126; Sanders v. State, 2 Ala.App. 13, 17, 56 So. 69; Griffith v. State, 90 Ala. 583, 587, 8 So. 812.

■■ Moreover, under the rule of idem sonans, declared in Underwood v. State, 72 Ala. 220, 222, the trial court must be sustained in the ruling. Whether one name is idem sonans with another, notwithstanding a difference in the spelling of the two, is a question of fact for the determination of the jury, when it arises on the evidence under the plea of the general issue, and not a matter of law for the decision of the court. Therefore, "the motion to exclude the evidence, and the instruction requested, were but efforts to withdraw the inquiry from the consideration of the jury, and were properly overruled." Underwood v. State, 72 Ala. at page 222.

■ Refused Charge 2 is typical of the charges it is claimed should have been given for John Wesley Espey. It is: "The Court charges the jury that if they believe from the evidence that the cutting of Wash Johns Clements was done by Curtis Espey, and without the knowledge, connivance, or assent of the defendant, John Wesley Espey, then the jury must find this defendant not guilty." Such an instruction has received the approval of our Supreme Court (Ferguson v. State, 141 Ala. 20, 29, 37 So. 448), and, if there had been evidence supporting such a theory, we think error could have been predicated upon its refusal. In our view, however, the contrary appears, and the charge was wholly abstract. Not the slightest inference arises from any part of the evidence, so far as this court has been able to discover, that defendant, John Wesley Espey, was present at the scene for any other purpose than that of aiding and abetting his son, Curtis, in just what he did do, i. e. inflict grave corporal injury upon prosecutor. The evidence to this effect seems to be without dispute. No rational inference can be drawn from the evidence that there was an absence of complicity on the father's part in the acts perpetrated by his son. They, father and son, had been looking for Clements all day, and, in the late afternoon, waylaid him on the highway and alighted from their automobile, the father with a pistol and the son with a knife. The father, with drawn pistol, forced Clements "to keep his seat" in his automobile while the son proceeded to apply the knife to the victim, thereby inflicting the wounds aforesaid. This sufficiently demonstrates the propriety of refusing the said charge as abstract.

Likewise, and upon the same principle, error cannot be declared for the refusal of the other written charges of similar import.

Finally, we are urged to reverse the case because of an argument of the solicitor to the jury. The bill of exceptions recites the following:

"During the course of Mr. deGraffenried's (solicitor's) closing argument, the following occurred:

"Mr. McDuffie (Defendants' Counsel): We object to the story by Mr. deGraffenried about the men setting up with a corpse and deciding to take a drink and taking the corpse with them over to the bar room.

"Court: I'll overrule.

"Mr. McDuffie (Defendants' Counsel): Except."

From the foregoing, this court is unable to determine whether the statement was of a substantive, outside fact—stated as a fact—of a material nature and therefore prejudicial (Cross v. State, 68 Ala. 476; Cunningham's case, Cunningham v. State, 117 Ala. 59, 23 So. 693), or whether it was merely a joke or anecdote in illustration of the solicitor's argument, which would be in the bounds of proper forensic discussion (Peel v. State, 144 Ala. 125, 134, 39 So. 251). From aught appearing, it could be the latter. Error is not presumed, the burden being upon appellant to establish it. Robinson v. State, 238 Ala. 441(5), 191 So. 655. We, therefore, cannot pronounce as erroneous the ruling above.

The whole case carefully considered, we are bound to conclude that no reversible error appears.

Affirmed.