79 So.2d 61

## Walter Dan OATES

### v.

### STATE.

### 8 Div. 393.

Court of Appeals of Alabama.

Aug. 31, 1954.

Rehearing Denied Oct. 19, 1954.

Reversed on Mandate March 29, 1955.

Howell Thomas Heflin, Tuscumbia, for appellant.

Si Garrett, Atty. Gen., and Maury D. Smith, Asst. Atty. Gen., for the State.

PRICE, Judge.

Defendant was indicted for the offense of murder in the first degree for the killing of his sister-in-law, Mary D. Newsome. Upon arraignment he interposed pleas of not guilty and not guilty by reason of insanity. Defendant was convicted of manslaughter in the first degree and sentenced to five years imprisonment in the penitentiary.

The evidence tends to show that a few days prior to the killing defendant and his wife, Cora Lee, had separated because of defendant's jealousy of Cora Lee and a man named Curly Fant. On the night in question defendant, armed with a 22 caliber rifle, went to the home of Cora Lee's parents, where she was living. He discovered his wife sitting in an automobile with her sister and two men. According to the State's witnesses Cora Lee was sitting on the back seat alone and her sister Mary D. Newsome was on the front seat between Travis Thirlkill and Oakley Adams. Defendant testified when he opened the car door the light in the automobile came on and he discovered his wife and Oakley Adams embraced and kissing each other in the back seat and the shock of finding them in this situation caused him to stumble over some object on the ground, his hand hit the trigger and the gun commenced firing into the automobile. Mary D. Newsome was killed and defendant's wife, Cora Lee, received nine gunshot wounds. Defendant testified after the shots started he aimed the gun toward his wife and Oakley Adams in the back seat and never at any time aimed at deceased.

Clearly under the evidence presented the defendant was not entitled to the general affirmative charge nor could error be predicated on the denial of the motion for a new trial on the ground of the insufficiency of the evidence to sustain the judgment of conviction.

The court did not err in sustaining objection by the State to these questions propounded by the defendant on cross-examination of State's witness Cora Lee Oates:

(1) "Have you talked with Travis Thirlkill and Oakley Adams and reviewed all the facts about how this happened?"

(2) "Cora, has anybody told you here before, had anybody told you beforehand, in order to build a good case against Walter

here, it would be necessary for you to say he shot at Mary?"

Both of these questions are too general. We cannot conceive how the witness could have made a responsive answer as to whether she had reviewed all the facts with the persons named. The second question if attempting to elicit the fact that some person had attempted to get her to testify falsely should have pointed out the particular person alleged to have tampered with the witness.

■ A question was raised concerning the position of the occupants of the automobile a short time before the killing at Hovater's store. Adams, Thirlkill and Cora Oates testified Cora was on the back seat alone. This was disputed by three defense witnesses who were in the automobile of Les Malone. Les Malone did not testify. In his argument to the jury the special prosecutor commented on defendant's failure to have Les Malone appear as a witness. The record discloses the following:

"Mr. Heflin: The defendant objects to Mr. Beasley's statement 'they didn't have Leslie Malone up here.' We object to Mr. Beasley commenting on the absence of a witness, he is trying to prejudice the jury.

"By Mr. Beasley: I will withdraw my statement.

"Mr. Heflin: And on the basis of the statement we move for a mistrial.

"By the Court: As to the absence of any witness, gentlemen, that is not to be considered by you and you will exclude that from your deliberations. And the motion is overruled."

In view of the court's prompt action in this instance, we cannot say the defendant's rights were clearly so prejudiced as to render a fair trial doubtful and we hold that the sound discretion of the trial court was not abused in denying the motion for a mistrial. See Ala.Dig.Crim.Law, ☞730 (1) for innumerable decisions.

The indictment averred the name of deceased to be Mary D. Newsome, alias Mary D. Armstead. Deceased's mother testified the family spelled the name Armstead "Armsted" and Newsome "Newson."

■ The purpose of the rule as to variance is for identification of deceased and notification to defendant, Vaughn v. State, 236 Ala. 442, 183 So. 428, and if the variance between the allegation and proof as to the name of deceased is so slight as scarcely to be perceptible and not such as to mislead defendant to his prejudice, such variance is immaterial. Johnson v. State, 34 Ala.App. 623, 43 So.2d 424; certiorari denied 253 Ala. 194, 43 So.2d 431; McCoy v. State, 232 Ala. 104, 166 So. 769. We are of the opinion the slight difference in spelling did not reasonably tend to mislead the defendant in the preparation of his defense.

■ This rule is declared in Underwood v. State, 72 Ala. 220: "The mere misspelling of the name of the accused party, or of the name of a third person whom it may be necessary to mention, itself will not vitiate an indictment, or produce a fatal variance, unless it is apparent that the misspelling causes a material change in the pronunciation or sound of the two names. Whether one name is idem sonans with another, is not a question of orthography, but of pronunciation, 'depending less upon rule than upon usage,' and when it arises in evidence on the general issue, is a question of fact for the determination of the jury, not for the decision of the court. * * * The motion to exclude the evidence, and the instruction requested, were but efforts to withdraw the inquiry from the consideration of the jury and were properly overruled." See also Espey v. State, 31 Ala.App. 351, 17 So.2d 430; Levert v. State, 34 Ala.App. 523, 42 So.2d 525; Huddleston v. State, 37 Ala.App. 57, 64 So.2d 90.

On the question of a variance here there was no error in the court's action in overruling the motion to exclude the evidence, refusing the request for the general affirmative charge nor in denying the motion for a new trial.

■ We do not agree with appellant's insistence that we should apply the rule announced in Birmingham Baptist Hospital,

Inc. v. Blackwell, 221 Ala. 225, 128 So. 389, 390, towit: "New trial will be granted if counsel, diregarding court's rulings, persists in attempting to get incompetent evidence before jury to prejudice of unsuccessful party", to the conduct of the solicitor in the following instances:

"Q. You have testified something about coming to the jail and the statement you made to Mr. McCorkle, the sheriff. Isn't it a fact that you have refused to make a statement in this case? That is on February 24, 1953, in the jail you refused to make Mr. Stanford and Mr. L. S. Bowling a statement, did you not?

"By Mr. Heflin: We object to the question whether he has refused to make a statement or not has no bearing on the issue in this case and will shed no light on any issue involved in this case and is an effort on the part of the State to prejudice the mind of the jury and because of that we move for a mistrial.

"By Mr. Beasley: He brought it out on direct examination.

"By the Court: The objection is sustained to the question as asked. The motion is overruled.

"By Mr. Heflin: We reserve an exception to the overruling of the motion."

\* \* \* \* \* \*

"Did he (Chief deputy sheriff Stanford) come in and ask you to make a statement in writing and you said you didn't have a statement to make?

"By Mr. Heflin: We object to the last question as it is prejudicial in this case, there is no evidence in this case prior to this time that he made a statement to Mr. Stanford whatsoever, and it is another attempt on the part of the State to prejudice the jury against the defendant and because of it we move for a mistrial.

"By the Court: Objection sustained, motion overruled.

"Q. State whether or not Mr. Stanford on or about February 24, 1953, in the pres-ence of Mr. L. S. (Lee) Bowling, came to you and asked you if you wanted to make a statement?

"By Mr. Heflin: We object by interposing the same objection heretofore made and make a motion again for a mistrial on the same basis.

"By the Court: Objection sustained. Motion overruled."

Charges refused to defendant which were correct statements of the law, were substantially covered by the court's oral charge and charges given at the request of defendant.

We conclude that the record is free of error probably injurious to the substantial rights of appellant, and the cause is due to be affirmed. It is so ordered.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Oates v. State, 262 Ala. 182, 79 So.2d 64.