214 So.2d 703

**Gable L. TAYLOR**

v.

**STATE.**

4 Div. 655.

Court of Appeals of Alabama.

Oct. 8, 1968.

Powell & Sikes, Andalusia, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

The Grand Jury of Covington County, Alabama, returned an indictment which reads as follows:

"The Grand Jury of said County charge that before finding of this indictment Gable Taylor unlawfully and with malice aforethought, did assault James Stoudimire with intent to murder him, against the peace and dignity of the State of Alabama."

Upon a plea of not guilty, appellant was tried by a jury, found guilty as charged, and sentenced by the court to a term of five years in the penitentiary. His motion for a new trial being denied, appellant now appeals to this court.

During the cross-examination of the alleged assaulted party, the following occurred:

"Q. How do you spell your name, James?

"A. S-t-u-d-m-i-r-e.

"Q. S-t-u-d-m-i-r-e.

"MR. BROGDEN: Your Honor, at this time we move to exclude this evidence on the ground that the indictment has the name spelling S-t-o-u-d-i-m-i-r-e, and that I don't believe would be idem sonans.

"MR. COOK: We submit it is a classical example of idem sonans.

"THE COURT: James, can you read and write?

"A. No, sir, I can't write.

"THE COURT: Can you read?

"A. I can spell my name.

"THE COURT: You got any identification on you with your name on it?

"A. Yes. sir.

"Show it to these attorneys and let them look at it.

"(Showing them something)

"MR. COOK: Have you got anything else?

"A. Yes, sir.

"MR. COOK: There is his driver's license.

"MR. BROGDEN: Is this all you got, James?

"A. Yes, sir.

"THE COURT: How do you pronounce your name?

"A. S-t-u-d-m-i-r-e.

"THE COURT: No, How do you pronounce it? How do you say it? What is your name?

"A. James Studmire.

"THE COURT: I overrule your objection."

Appellant contends that the names "Stoudimire" and "Studmire" are not *idem sonans*; that the trial court erred in overruling his motion to exclude the evidence offered by James Studmire and, therefore, there is a total lack of evidence to sustain the material averment that "James Stoudimire", the alleged injured party, was assaulted.

In Underwood v. State, 72 Ala. 220, our Supreme Court stated:

"A mere mis-spelling of the name of the accused party, or of the name of a third person whom it may be necessary to mention, itself will not vitiate an indictment, or produce a fatal variance, unless it is apparent that the mis-spelling causes a material change in the pronunciation or sound of the two names. Whether one name is idem sonans with another, is not a question of orthography, but of pronunciation, 'depending less upon the rule than upon usage,' *and when it arises in evidence on the general issue, is a question of fact for the determination of the jury, not for the decision of the court.*" (Emphasis added.)

This court in the case of Johnson v. State, 34 Ala.App. 623, 43 So.2d 424, stated in part:

"The doctrine of idem sonans has been much enlarged by modern decisions to conform to the rule that a variance to be material must be such as to mislead the opposite party to his prejudice. State v. White, 34 S.C. 59, 12 S.E. 661, 27 Am. St.Rep. 783; Raven v. State, 149 Tex.Cr. R. 294, 193 S.W.2d 527. *Identity of sound is the test, and not identity of spelling.* If the attentive ear finds difficulty in distinguishing them when pronounced, no matter how spelled, names are idem sonans." (Emphasis added.)

In Seay v. State, 31 Ala.App. 545, 19 So. 2d 549, this court stated:

"Great latitude is allowed the pronunciation and spelling of proper names, for proper names are often spelled differently but pronounced the same. The correct determination of the oft controversial question of idem sonans may be approached in two ways. If the inquiry arises on demurrers to the plea of misnomer and the names under consideration are pronounced the same, or substantially so, the court will make judicial ascertainment of this fact and hold as a matter of law, the names are the same. If, however, this cannot be determined by the similarity of the pronunciation and the aid of intrinsic evidence must be sought, it becomes a question of fact to be submitted to the court or jury upon issue joined to properly submit the matter."

In the case at bar, the question of idem sonans did not arise on demurrer to a plea of misnomer but arose during the cross-examination of the witness whose name is in question by the defense counsel's moving to exclude the evidence.

Espey v. State, 31 Ala.App. 351, 17 So.2d 430, spoke on this point when the court, speaking through Simpson, J., stated in part:

"Whether one name is idem sonans with another, notwithstanding a difference in the spelling of the two, is a ques-

tion of fact for the determination of the jury, when it arises on the evidence under the plea of the general issue, and not a matter of law for the decision of the court. Therefore, 'the motion to exclude the evidence, and the instruction requested, were but efforts to withdraw the inquiry from the consideration of the jury, and were properly overruled.' Underwood v. State, 72 Ala. at page 222."

As the question in this case arose on the evidence under the plea of the general issue, we conclude that the determination of whether "Studmire" and "Stoudimire" are idem sonans is a question of fact for the jury, and not a matter of law for the court to decide. Therefore, the motion to exclude the evidence was properly overruled. *Espey,* supra.

We have made a diligent search of the record and find no error therein. Therefore, the judgment in this cause is due to be and the same is hereby

Affirmed.